IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RANDALL E. COPE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 3:23-cv-2133-DWD |
| | ) |
| T. LILLIARD, Warden of FCI Greenville, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Petitioner, an inmate at FCI Greenville, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. The Court now conducts a preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. That Rule states: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; *accord Mayle v. Felix*, 545 U.S. 644, 663 (2005).[1]

Petitioner was convicted of numerous offenses, including aiding and abetting the use of a firearm during and in relation to a crime of violence, in the United States District Court for the Eastern District of Kentucky. (Doc. 1, pg. 1). He was sentenced on February 3, 2000. (Doc. 1, pg. 1). Petitioner appealed and the conviction was affirmed. (Doc. 1, pg.

---

[1] Rule 1(b) states, "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)." Therefore, the Rules may be applied in the context of § 2241. *See Hudson v. Helman*, 948 F. Supp. 810 (C.D. Ill. 1996) (citing *Kramer v. Jenkins*, 108 F.R.D. 429, 431 (N.D. Ill. 1985)).

2). The Supreme Court denied certiorari. (Doc. 1, pg. 3). Petitioner also previously filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, which was denied. (Doc. 1, pg. 4). Further, Petitioner filed a motion for permission to file a second or successive § 2255 motion in the Court of Appeals, which was denied. (Doc. 1, pg. 4).

Now, Petitioner challenges "[t]he validity of [his] conviction or sentence as imposed" under *U.S. v. Taylor*, 142 S. Ct. 2015 (2022), which held that attempted Hobbs Act robbery was not a crime of violence under 18 U.S.C. § 924(c)(3)(A). *See Taylor*, 14 S. Ct. at 2021; *accord U.S. v. Worthen*, 60 F.4th 1066, 1070 (7th Cir. 2023); (Doc. 1, generally). Petitioner argues the holding in *Taylor* applies here. He requests a vacatur of his conviction under § 924(c). (Doc. 1, pgs. 2, 8). Petitioner submits that § 2241 is the appropriate vehicle for requesting this relief, as § 2255 is inadequate or ineffective to challenge his conviction and sentence due to the recency of *Taylor*. (Doc. 1, pg. 4).

An application for a writ of habeas corpus under § 2241, in behalf of a prisoner who is authorized to apply for relief under § 2255, "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e). Further, a second or successive motion must be certified, as provided under 28 U.S.C. § 2244, by a panel of the appropriate Court of Appeals to contain (1) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the

offense, or (2) a new rule of constitutional law that is made retroactive to cases on collateral review by the Supreme Court and was previously unavailable. *See id*. § 2255(h).

By its terms, § 2255(h) bars a prisoner from filing a second or successive motion under § 2255 "based solely on a more favorable interpretation of statutory law adopted after his conviction became final and his initial § 2255 motion was resolved." *See id*.; *Jones v. Hendrix*, 599 U.S. ----, 143 S. Ct. 1857, 1863 (2023). For this reason, Petitioner seeks to proceed under § 2241 by arguing § 2255 was "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e). However, in *Jones*, the Supreme Court held the above limitation on second or successive motions in § 2255(h) does not render § 2255 inadequate or ineffective, "such that the prisoner may proceed with his statutory claim under § 2241." *See id*.; *Jones*, 143 S. Ct. at 1863-64. In doing so, the Supreme Court expressly held § 2255(e) did not permit "workaround[s]" or "end-run[s]" to § 2255(h), whereby "§ 2255 was 'inadequate and ineffective' under…[§ 2255(e)]—and…§ 2241 was therefore available—when [§ 2255(h)'s] second-or-successive restrictions barred…relief based on a newly adopted narrowing interpretation of a criminal statute that circuit precedent had foreclosed at the time of the prisoner's trial, appeal, and first § 2255 motion." *See Jones*, 143 S. Ct. at 1867-68.[2] Indeed, the Supreme Court stated: "The inability of a prisoner with a statutory claim to satisfy…[§ 2255(h)] does not mean that he can bring his claim in a habeas petition under the [§ 2255(e)] saving clause. It means that he cannot bring it at all. Congress has chosen finality over error correction in his case." *See id*. at 1869, 1876.

---

[2]The Supreme Court expressly abrogated *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), and other cases that developed such "workaround[s]" or "end-run[s]" to § 2255(h). *See Jones*, 143 S. Ct. at 1867-68.

Therefore, Petitioner is entitled to no habeas relief under § 2241. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; *Mayle*, 545 U.S. at 663. Petitioner, who filed a motion under § 2255 in the sentencing court and motions requesting permission from the Court of Appeals to file a second or successive motion under § 2255(h), invokes *Taylor* based on statutory interpretation arguments that were firmly rejected by the Supreme Court in *Jones*. Accordingly, the Petition is **DISMISSED with prejudice**. The Clerk of the Court is **DIRECTED** to enter judgment accordingly.

**SO ORDERED.**

Dated: August 28, 2023

*s/ David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge