IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RANDALL E. COPE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 3:23-cv-2133-DWD |
| | ) |
| T. LILLARD, Warden of FCI Greenville, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Petitioner, an inmate at FCI Greenville, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. In February 2000, a jury in the United States District Court for the Eastern District of Kentucky found Petitioner guilty of numerous offenses, including aiding and abetting the use of a firearm during and in relation to a crime of violence. (Doc. 1, pgs. 1-2). Petitioner directly appealed, and the conviction was affirmed. (Doc. 1, pg. 2). The Supreme Court denied certiorari. (Doc. 1, pg. 3). Petitioner then filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, which was denied. (Doc. 1, pg. 4). Petitioner also subsequently filed a motion for permission to file a second or successive § 2255 motion in the Court of Appeals, which was denied. (Doc. 1, pg. 4).

In the Petition filed with this Court, Petitioner challenged "[t]he validity of [his] conviction or sentence as imposed" under *U.S. v. Taylor*, which held that attempted Hobbs Act robbery was not a crime of violence under 18 U.S.C. § 924(c)(3)(A). *See* 596 U.S. 845, 852 (2022); *accord U.S. v. Worthen*, 60 F.4th 1066, 1070 (7th Cir. 2023); (Doc. 1,

generally). Petitioner argued the holding in *Taylor* applies here. He requested a vacatur of his conviction under § 924(c). (Doc. 1, pgs. 2, 8). Petitioner argued § 2241 is the appropriate vehicle for requesting this relief, as § 2255 was inadequate or ineffective to challenge his conviction and sentence due to the recency of *Taylor*. (Doc. 1, pg. 4).

On August 28, 2023, the Court conducted a preliminary review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts. *See* Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts; *accord Mayle v. Felix*, 545 U.S. 644, 663 (2005); (Doc. 7).[1] In doing so, the Court recognized that an application for a writ of habeas corpus under § 2241, in behalf of a prisoner who is authorized to apply for relief under § 2255, "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); (Doc. 7, pg. 2). Likewise, the Court acknowledged that a second or successive motion must be certified, as provided under 28 U.S.C. § 2244, by a panel of the appropriate Court of Appeals to contain (1) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense, or (2) a new rule of constitutional law that is made retroactive to cases on collateral review by the Supreme Court and was previously unavailable. 28 U.S.C. § 2255(h); (Doc. 7, pgs. 2-3).

---

[1] Rule 1(b) states, "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)." Therefore, the Rules could be applied in the context of § 2241. *See Hudson v. Helman*, 948 F. Supp. 810 (C.D. Ill. 1996) (citing *Kramer v. Jenkins*, 108 F.R.D. 429, 431 (N.D. Ill. 1985)).

The Court reasoned, by its terms, § 2255(h) bars a prisoner from filing a second or successive motion under § 2255 "based solely on a more favorable interpretation of statutory law adopted after his conviction became final and his initial § 2255 motion was resolved." 28 U.S.C. § 2255(h); *Jones v. Hendrix*, 599 U.S. 465, 469-70 (2023); (Doc. 7, pg. 3). For this reason, Petitioner sought to proceed under § 2241 by arguing § 2255 was "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); (Doc. 7, pg. 3). However, the Court noted, in *Jones*, the Supreme Court held the above limitation on second or successive motions in § 2255(h) does not render § 2255 inadequate or ineffective, "such that the prisoner may proceed with his statutory claim under § 2241." 28 U.S.C. § 2255(e); *Jones*, 599 U.S. at 470; (Doc. 7, pg. 3). The Court further noted that the Supreme Court expressly held § 2255(e) did not permit "workaround[s]" or "end-run[s]" to § 2255(h), whereby "§ 2255 was 'inadequate and ineffective' under…[§ 2255(e)]—and…§ 2241 was therefore available—when [§ 2255(h)'s] second-or-successive restrictions barred…relief based on a newly adopted narrowing interpretation of a criminal statute that circuit precedent had foreclosed at the time of the prisoner's trial, appeal, and first § 2255 motion." *Jones*, 599 U.S. at 477; (Doc. 7, pg. 3).[2] The Court noted that the Supreme Court explained: "The inability of a prisoner with a statutory claim to satisfy…[§ 2255(h)] does not mean that he can bring his claim in a habeas petition under the [§ 2255(e)] saving clause. It means that he cannot bring it at all. Congress has chosen finality over error correction in his case." *Jones*, 599 U.S. at 480, 491; (Doc. 7, pg. 3).

---

[2] The Supreme Court expressly abrogated *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), and other cases that developed such "workaround[s]" or "end-run[s]" to § 2255(h). *See Jones*, 599 U.S. at 477-78.

3

In light of these authorities, the Court found Petitioner was entitled to no habeas relief under § 2241. *See* Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts; *Mayle*, 545 U.S. at 663; (Doc. 7, pg. 4). Petitioner, who filed a motion under § 2255 in the sentencing court and motions requesting permission from the Court of Appeals to file a second or successive motion under § 2255(h), invoked *Taylor* based on statutory interpretation arguments that were firmly rejected in *Jones*. (Doc. 7, pgs. 2-4) As such, the Court dismissed the Petition, with prejudice, and directed the Clerk of the Court to enter judgment. (Doc. 7, pg. 4). Judgment was entered on August 28, 2023. (Doc. 8).

Now, Petitioner has filed a Motion to Alter or Amend the Court's August 28, 2023, Memorandum & Order and Judgment under Federal Rule of Civil Procedure 59(e). (Doc. 9). Petitioner argues *Jones* "is not retroactively applicable to cases on collateral review that are already pending," such that the Court could decide the merits of his Petition. (Doc. 9, pgs. 1-2). Petitioner explains that his Petition "was pending when Jones was decided, and therefore, should not fall under the Jones criteria." (Doc. 9, pg. 5).

The Court may alter or amend its judgment if Petitioner has clearly established either a manifest error of law or fact or presents newly discovered evidence. *See* Fed. R. Civ. P. 59(e); *Beyah v. Murphy*, 825 F. Supp. 213, 214 (E.D. Wisc. 1993); *accord Bradley v. Wisconsin Dep't of Children and Families*, No. 20-cv-661, 2021 WL 363970, *1 (E.D. Wisc. Feb. 3, 2021). A manifest error is not demonstrated by the disappointment of Petitioner but by the Court's wholesale disregard, misapplication, or failure to recognize controlling legal precedent. *See Bradley*, No. 20-cv-661, 2021 WL 363970, *1 (quoting *Oto v. Metro Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)). In this way, Rule 59(e) performs a valuable function

4

where the Court patently misunderstood a party, made a decision outside the issues presented for consideration, or made an error of apprehension rather than reasoning. *See County Materials Corp. v. Allan Block Corp.*, 436 F. Supp. 2d 997, 999 (W.D. Wisc. 2006) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F. 2d 1185, 1191 (7th Cir. 1990)).

Here, the Court **FINDS** Petitioner cannot satisfy the above standard. Indeed, Petitioner's arguments have been rejected by this and other courts. For example, in *Martin v. Warden FCI Greenville*, another member of this Court addressed whether it was manifest error to dismiss a petition for a writ of habeas corpus under § 2241 in light of *Jones* "because he filed his Petition before that decision was issued." No. 23-cv-1181, 2023 WL 5207818, *1 (S.D. Ill. Aug. 14, 2023). When denying relief under Rule 59(e), it was recognized in *Martin* that "when the Supreme Court decides a case and applies a rule of federal law to the parties before it, all other federal courts adjudicating federal law must treat that legal rule as 'retroactive' and the 'controlling interpretation of federal law' and apply it to all pending cases, regardless of whether those cases involve pre-decision events." *Id.* (quoting *Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 97 (1993)). The Court agrees with this rationale from *Martin*, as well as that of the numerous other courts that have considered the issue. *See, e.g.*, *Sanders v. M. Joseph*, 72 F.4th 822, 823-25 (7th Cir. 2023) (affirming a judgment that denied a § 2241 petition that was filed pursuant to the now-abrogated *Davenport* analysis, albeit "on different grounds," *i.e.*, on the grounds articulated by our Supreme Court in *Jones*, where the petitioner was unsuccessful in his direct appeal, the petitioner failed in his motion(s) under § 2255, and *Jones* was decided while the appeal relative to the § 2241 petition was pending before the Seventh Circuit);

5

*Horton v. Lovett*, 72 F.4th 825, 826-27 (7th Cir. 2023) (same); *Hogsett v. Lillard*, 72 F.4th 819, 820-22 (7th Cir. 2023) (vacating the district court's judgment, and remanding the case with instructions to dismiss the § 2241 petition that was filed pursuant to the now-abrogated *Davenport* analysis for lack of subject matter jurisdiction, where the petitioner failed in his motion(s) under § 2255 and *Jones* was decided while the appeal relative to the § 2241 petition was pending before the Seventh Circuit); *Jackson v. U.S.*, No. 22-cv-1054, 2023 WL 8648271, *1-2 (S.D. Ind. Dec. 13, 2023) (dismissing § 2241 petition where, *inter alia*, the petitioner was unsuccessful in a direct appeal, the petitioner failed in his motion(s) under § 2255, and the Supreme Court's decision in *Jones*, which was decided after the filing of the operative § 2241 petition, deprived the court of subject matter jurisdiction); *Ruiz v. Keyes*, No. 23-cv-37, 2023 WL 4762702, *1-3 (W.D. Wisc. July 26, 2023) (same); *Maynie v. Williams*, No. 21-cv-733, 2023 WL 4270257, *6 (S.D. Ill. June 29, 2023) (denying a § 2241 petition for a writ of habeas corpus, which was filed before the Supreme Court decided *Jones*, where the petitioner failed to file a motion under § 2255, he attempted to proceed under § 2241 based on the now-abrogated *Davenport* analysis, and the proper vehicle for his arguments was found to be a timely motion under § 2255).

For these reasons, the instant Motion under Rule 59(e) is **DENIED.**

**SO ORDERED.**

Dated: April 18, 2024

*s/ David W. Dugan*
DAVID W. DUGAN
United States District Judge

6